Record/FILE ON DEMAND          U.S.P.S. PRIORITY MAIL TRACKING NO. 9405530109355042504167

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| Nelson L. Bruce,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>NATIONWIDE CREDIT CORPORATION (A.K.A. NCC); et al.<br><br>　　　　　Defendants. | Case No.: 1:24-mc-26<br><br>**PLAINTIFF'S PETITION TO COMPEL DISCOVERY FROM NATIONWIDE CREDIT CORPORATION (A.K.A. "NCC") NOTICE OF MISCELLANEOUS FILING** |

Pursuant to **Fed. R. Civ. P. 37**, Plaintiff **Nelson L. Bruce,** hereby petitions this court for an order compelling a Non-party Subpoena Recipient NATIONWIDE CREDIT CORPORATION (A.K.A. "NCC") to respond to and produce documents related to plaintiff's subpoena served upon them by the U.S. Marshals related to case number 22-cv-02211 ("Bruce v. Pentagon Federal Credit Union, et al."). This court is receiving this filing because the parties' principle place of business is located in this Jurisdiction as I am located in the state of South Carolina. This court is notified that this is a Miscellaneous filing and should be documented and entered on the record as such.

## TABLE OF CONTENTS

I. Jurisdictional Statement   Miscellaneous
II. Introduction
III. Constitutional Challenge
IV. Statement of Claim
V. Historical Background
VI. Petitioned Relief Request
VII. Summarization
VIII. Certificate and Verification

## TABLE OF AUTHORITIES

1. *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958)

2. *Hickman v. Taylor*, 329 U.S. 495 (1947)

3. *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004)

4. *In re Subpoena Duces Tecum to U.S. Commodity Futures Trading Comm'n*, 439 F.3d 740 (D.C. Cir. 2006)

5. *McPhaul v. United States*, 364 U.S. 372 (1960)

6. *Armstrong v. Guccione*, 470 F.3d 89 (2d Cir. 2006)

7. *U.S. v. Powell*, 379 U.S. 48 (1964)

8. *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW) v. NLRB*, 459 F.2d 1329 (D.C. Cir. 1972)

9. *Hollingsworth v. Perry*, 558 U.S. 183 (2010)

I. **JURISDICTIONAL STATEMENT**

1. This court has jurisdiction under Rule 37 of the Federal Rules of Civil Procedure, which allows a party to petition the court to compel discovery when a non-party fails to comply with a properly served subpoena. ***See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958)**.

2. The plaintiff's subpoena was served within the jurisdiction of the U.S. District Court for the Eastern District of Virginia, as the principal place of business of Nationwide Credit Corporation (NCC) is located at 5503 Cherokee Ave, Alexandria, VA, 22312, within this court's geographical area.

3. The plaintiff resides in South Carolina, but this court is the proper venue for seeking relief against a non-party residing or conducting business in Alexandria, Virginia.

4. The underlying case, *Bruce v. Pentagon Federal Credit Union et al.*, case number 22-cv-02211, is pending in the District of South Carolina; however, enforcement of subpoenas against non-parties falls under the jurisdiction of the court where the non-party is located. ***See McPhaul v. United States*, 364 U.S. 372 (1960).**

5. The subpoena at issue was granted by the District Court for the District of South Carolina on July 19, 2024 (ECF No. 211), and served by the U.S. Marshals on NCC on July 30, 2024, at 5503 Cherokee Ave, Alexandria, VA, 22312.

6. This court has jurisdiction over miscellaneous filings related to subpoenas issued to non-parties within this district.

7. The petition seeks relief consistent with Federal law and procedural rules governing discovery compliance in federal civil litigation.
***See Hickman v. Taylor*, 329 U.S. 495 (1947).**

## II. INTRODUCTION

1. Plaintiff, Nelson L. Bruce, Propria Persona, presents this petition to compel discovery from non-party Nationwide Credit Corporation (NCC).

2. Plaintiff seeks to enforce compliance with a subpoena duly issued by the U.S. District Court for the District of South Carolina and served by the U.S. Marshals on July 30, 2024.

3. The subpoena was served at 5503 Cherokee Ave, Alexandria, VA, 22312, where NCC's office manager, Yatziri Flores, received it. Despite proper service, NCC has failed to produce the requested documents. ***See Armstrong v. Guccione*, 470 F.3d 89 (2d Cir. 2006)** (failure to respond to a subpoena warrants judicial intervention).

4. Plaintiff made multiple good-faith attempts to communicate with NCC to resolve the matter without court intervention.

5. This petition is filed as a result of NCC's continued failure to respond, which has hindered the discovery process.

6. Plaintiff moves this court to compel NCC to respond to the subpoena and produce the requested documents within 10 days of the court's order. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (court compelled production of documents after non-compliance with a subpoena).

7. Plaintiff also seeks sanctions for NCC's failure to respond, as detailed in this petition.

## III. CONSTITUTIONAL CHALLENGE

1. Plaintiff asserts that the right to petition is a fundamental constitutional right, which cannot be waived or disregarded by the court. *See Hollingsworth v. Perry*, 558 U.S. 183 (2010).

2. Plaintiff's right to seek court intervention for enforcement of discovery is an essential component of due process. *See U.S. v. Powell*, 379 U.S. 48 (1964).

3. The failure of NCC to comply with a lawfully issued subpoena impedes the plaintiff's access to the judicial process, infringing upon rights guaranteed by the First and Fifth Amendments.

4. The court's authority to compel discovery is aligned with its duty to uphold the fundamental rights of petitioners seeking lawful redress. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW) v. NLRB*, 459 F.2d 1329 (D.C. Cir. 1972).

5. Plaintiff requests that the court issue sanctions as a remedy for NCC's disregard of the plaintiff's constitutional rights.

6. A lack of action would undermine the efficacy of the subpoena process and deny the plaintiff equal protection under the law.

7. By compelling compliance, the court reaffirms its commitment to uphold the petitioner's constitutional rights.

## IV. STATEMENT OF CLAIM

1. On July 19, 2024, the U.S. District Court for the District of South Carolina granted plaintiff's subpoena against NCC (ECF No. 211).

2. On July 30, 2024, the U.S. Marshals served the subpoena on NCC at 5503 Cherokee Ave, Alexandria, VA, 22312, with office manager Yatziri Flores receiving it (See Exhibit 8). *See In re Subpoena Duces Tecum to U.S. Commodity Futures Trading Comm'n*, **439 F.3d 740 (D.C. Cir. 2006)** (subpoenas must be honored or judicial enforcement may follow).

3. As of the date of this filing, NCC has not responded to the subpoena.

4. Plaintiff made multiple good-faith attempts to resolve the issue, including calls and an email, with no response from NCC.

5. The lack of response has caused delays and additional expenses, which plaintiff seeks to recover through sanctions. *See Zubulake v. UBS Warburg LLC*, **229 F.R.D. 422 (S.D.N.Y. 2004)** (sanctions appropriate for failure to respond to discovery).

6. Plaintiff's communication efforts included calls to Arline F., the individual responsible for subpoenas at NCC, on August 28, 2024, and a follow-up email on September 30, 2024.

7. Plaintiff now seeks court intervention to compel NCC to produce the requested documents and requests sanctions for NCC's failure to respond.

## V. HISTORICAL BACKGROUND

1. The subpoena was issued in connection with *Bruce v. Pentagon Federal Credit Union*, case number 22-cv-02211, pending in the District of South Carolina.

2. The subpoena relates to documents necessary for the resolution of claims in the underlying case.

3. Plaintiff has diligently pursued discovery from NCC, as the documents are critical to the litigation. *See Hickman v. Taylor*, **329 U.S. 495 (1947)** (the discovery process is vital to uncovering relevant facts for the just resolution of a case).

4. NCC's failure to comply with the subpoena represents an obstruction of the discovery process.

5. Plaintiff has provided ample opportunity for NCC to resolve the matter without court intervention.

6. The court's order on July 19, 2024, made clear the necessity of compliance with the subpoena.

7. Plaintiff's request for sanctions is supported by the undue burden caused by NCC's noncompliance.

## VI. PETITIONED RELIEF REQUEST

1. Plaintiff requests that this court compel NCC to comply with the subpoena and produce the requested documents within 10 days of the court's order.

2. Plaintiff seeks recovery of all costs associated with this filing to include the filing fee, and and all mailing fees to the court and any parties associated with this case, and $200 per document that plaintiff has had to take time to draft and file in this court to address this matter as a result of NCC's failure to respond to the subpoena and any other damages caused by their failure to respond to the subpoena.

3. Plaintiff also requests any additional damages resulting from NCC's failure to comply, as determined by the court.

4. The failure to respond to the subpoena has caused unnecessary delays in the litigation process, warranting sanctions.

5. Sanctions should be issued in the form of fines or other appropriate penalties as deemed fit by the court. ***See Zubulake v. UBS Warburg LLC***, 229 F.R.D. 422 (S.D.N.Y. 2004) (imposing sanctions for discovery violations).

6. The requested relief is necessary to prevent further obstruction of the discovery process.

7. Plaintiff's right to petition for this relief is absolute, and the court's intervention is required to enforce compliance.

## VII. SUMMARIZATION

1. Plaintiff has complied with all procedural requirements to obtain the requested discovery from NCC.

2. NCC's failure to respond to the subpoena necessitates court intervention to compel compliance.

3. Plaintiff has made good-faith efforts to resolve the matter without court involvement, to no avail.

4. The relief requested is both reasonable and necessary to ensure the integrity of the discovery process.

5. Plaintiff's petition is made in accordance with Rule 37 of the Federal Rules of Civil Procedure. ***See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers***, 357 U.S. 197 (1958).

6. The requested sanctions are appropriate given the circumstances.

7. Plaintiff respectfully petitions this court to issue an order compelling NCC's compliance and awarding sanctions as requested.

## VIII. CERTIFICATE AND VERIFICATION

I, Nelson L. Bruce, hereby certify that I have in good faith attempted to resolve this matter with Nationwide Credit Corporation (NCC) without the court's intervention and have been unsuccessful. I declare that the facts presented in this petition are true and correct to the best of my knowledge and belief. **Dated this 30th day of September, 2024.**

**RESPECTFULLY PRESENTED,**

*Nelson L. Bruce*

Nelson L. Bruce, Propria Persona, Sui Juris
All Secured Natural Rights Explicitly Reserved and Retained "With Prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com