ALERT: EFFECTIVE NOVEMBER 29, 2024, INTERNATIONAL MAIL SERVICE TO CANADA IS T...

# USPS Tracking®

FAQs >

**Tracking Number:**

**Remove** ✕

# 9536006622264348323189

Copy        Add to Informed Delivery (https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to an individual at the address at 11:16 am on December 18, 2024 in ALEXANDRIA, VA 22312.

**Get More Out of USPS Tracking:**

**USPS Tracking Plus®**

## Delivered

**Delivered, Left with Individual**

ALEXANDRIA, VA 22312
December 18, 2024, 11:16 am

**See All Tracking History**

**What Do USPS Tracking Statuses Mean? (https://faq.usps.com/s/article/Where-is-my-package)**

## Text & Email Updates        ⌃

⊘ Confirmation - We Received Your Request

9536006622264348323189

Your updates will be sent to:

leonbruce81@yahoo.com

When new tracking activity is available, you'll get notifications based on your selections.

## Return Receipt Electronic    ∧

✅ Confirmation

Your Proof of Delivery record is complete and will be processed shortly.

Your confirmation will be sent to the following:

leonbruce81@yahoo.com

## USPS Tracking Plus®    ∨

## Product Information    ∨

**See Less ∧**

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

 **UNITED STATES POSTAL SERVICE**

December 20, 2024

Dear Nelson Bruce:

The following is in response to your request for proof of delivery on your item with the tracking number: **9536 0066 2226 4348 3231 89**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered, Left with Individual |
| **Status Date / Time:** | December 18, 2024, 11:16 am |
| **Location:** | ALEXANDRIA, VA 22312 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail Restricted Delivery |
| | Return Receipt Electronic |
| **Recipient Name:** | ATTN: PHILIP E ROSENTHAL |

## Shipment Details

| | |
|---|---|
| **Weight:** | 4.0oz |

## Recipient Signature

Signature of Recipient:

5503 CHEROKEE AVE, ALEXANDRIA, VA 22312

Address of Recipient:

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

| | |
|---|---|
| Nelson L. Bruce | ) |
| | ) |
| | ) |
| *Plaintiff(s)* | ) |
| v. | ) |
| NATIONWIDE CREDIT CORPORATION (A.K.A. NCC ), UNKNOWN DOES 1-25; et al. | ) |
| | ) |
| *Defendant(s)* | ) |

Civil Action No. 1:24-mc-26

FILED
OCT 11
CLERK, U.S. DISTRIC...
ALEX...

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  NATIONWIDE CREDIT CORPORATION
5503 CHEROKEE AVE.
ALEXANDRIA, VA, 22312-2307

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

> Nelson L. Bruce
> c/o P.O. Box 3345
> Summerville, South Carolina 29484

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____         _____
*Signature of Clerk or Deputy Clerk*

**Record/FILE ON DEMAND**          U.S.P.S. PRIORITY MAIL TRACKING NO. 9405 5304 0025 5043 6604 167

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### ALEXANDRIA DIVISION

| | |
|---|---|
| Nelson L. Bruce,<br><br>                    Plaintiff,<br><br>v.<br><br>NATIONWIDE CREDIT CORPORATION<br>(A.K.A. NCC); et al.<br><br>                    Defendants. | Case No.:  1:24-mc-26<br><br>**PLAINTIFF'S PETITION TO COMPEL DISCOVERY FROM NATIONWIDE CREDIT CORPORATION (A.K.A. "NCC") NOTICE OF MISCELLANEOUS FILING** |

Pursuant to **Fed. R. Civ. P. 37,** Plaintiff **Nelson L. Bruce,** hereby petitions this court for an order compelling a Non-party Subpoena Recipient NATIONWIDE CREDIT CORPORATION (A.K.A. "NCC") to respond to and produce documents related to plaintiff's subpoena served upon them by the U.S. Marshals related to case number 22-cv-02211 ("Bruce v. Pentagon Federal Credit Union, et al."). This court is receiving this filing because the parties' principle place of business is located in this Jurisdiction as I am located in the state of South Carolina. This court is notified that this is a Miscellaneous filing and should be documented and entered on the record as such.

**TABLE OF CONTENTS**

I. Jurisdictional Statement   Miscellaneous
II. Introduction
III. Constitutional Challenge
IV. Statement of Claim
V. Historical Background
VI. Petitioned Relief Request
VII. Summarization
VIII. Certificate and Verification

**TABLE OF AUTHORITIES**

1. *Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers,* 357 U.S. 197 (1958)

2. *Hickman v. Taylor,* 329 U.S. 495 (1947)

3. *Zubulake v. UBS Warburg LLC,* 229 F.R.D. 422 (S.D.N.Y. 2004)

4. *In re Subpoena Duces Tecum to U.S. Commodity Futures Trading Comm'n,* 439 F.3d 740 (D.C. Cir. 2006)

5. *McPhaul v. United States,* 364 U.S. 372 (1960)

6. *Armstrong v. Guccione,* 470 F.3d 89 (2d Cir. 2006)

7. *U.S. v. Powell,* 379 U.S. 48 (1964)

8. *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW) v. NLRB,* 459 F.2d 1329 (D.C. Cir. 1972)

9. *Hollingsworth v. Perry,* 558 U.S. 183 (2010)

## I.    JURISDICTIONAL STATEMENT

1. This court has jurisdiction under Rule 37 of the Federal Rules of Civil Procedure, which allows a party to petition the court to compel discovery when a non-party fails to comply with a properly served subpoena. *See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers,* 357 U.S. 197 (1958).

2. The plaintiff's subpoena was served within the jurisdiction of the U.S. District Court for the Eastern District of Virginia, as the principal place of business of Nationwide Credit Corporation (NCC) is located at 5503 Cherokee Ave, Alexandria, VA, 22312, within this court's geographical area.

3. The plaintiff resides in South Carolina, but this court is the proper venue for seeking relief against a non-party residing or conducting business in Alexandria, Virginia.

4.  The underlying case, *Bruce v. Pentagon Federal Credit Union et al.*, case number 22-cv-02211, is pending in the District of South Carolina; however, enforcement of subpoenas against non-parties falls under the jurisdiction of the court where the non-party is located. *See McPhaul v. United States*, 364 U.S. 372 (1960).

5.  The subpoena at issue was granted by the District Court for the District of South Carolina on July 19, 2024 (ECF No. 211), and served by the U.S. Marshals on NCC on July 30, 2024, at 5503 Cherokee Ave, Alexandria, VA, 22312.

6.  This court has jurisdiction over miscellaneous filings related to subpoenas issued to non-parties within this district.

7.  The petition seeks relief consistent with Federal law and procedural rules governing discovery compliance in federal civil litigation. *See Hickman v. Taylor*, 329 U.S. 495 (1947).

## II.  INTRODUCTION

1.  Plaintiff, Nelson L. Bruce, Propria Persona, presents this petition to compel discovery from non-party Nationwide Credit Corporation (NCC).

2.  Plaintiff seeks to enforce compliance with a subpoena duly issued by the U.S. District Court for the District of South Carolina and served by the U.S. Marshals on July 30, 2024.

3.  The subpoena was served at 5503 Cherokee Ave, Alexandria, VA, 22312, where NCC's office manager, Yatziri Flores, received it. Despite proper service, NCC has failed to produce the requested documents. *See Armstrong v. Guccione*, 470 F.3d 89 (2d Cir. 2006) (failure to respond to a subpoena warrants judicial intervention).

4.  Plaintiff made multiple good-faith attempts to communicate with NCC to resolve the matter without court intervention.

5. This petition is filed as a result of NCC's continued failure to respond, which has hindered the discovery process.

6. Plaintiff moves this court to compel NCC to respond to the subpoena and produce the requested documents within 10 days of the court's order. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (court compelled production of documents after non-compliance with a subpoena).

7. Plaintiff also seeks sanctions for NCC's failure to respond, as detailed in this petition.

## III.   CONSTITUTIONAL CHALLENGE

1. Plaintiff asserts that the right to petition is a fundamental constitutional right, which cannot be waived or disregarded by the court. *See Hollingsworth v. Perry*, 558 U.S. 183 (2010).

2. Plaintiff's right to seek court intervention for enforcement of discovery is an essential component of due process. *See U.S. v. Powell*, 379 U.S. 48 (1964).

3. The failure of NCC to comply with a lawfully issued subpoena impedes the plaintiff's access to the judicial process, infringing upon rights guaranteed by the First and Fifth Amendments.

4. The court's authority to compel discovery is aligned with its duty to uphold the fundamental rights of petitioners seeking lawful redress. *See Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. (UAW) v. NLRB*, 459 F.2d 1329 (D.C. Cir. 1972).

5. Plaintiff requests that the court issue sanctions as a remedy for NCC's disregard of the plaintiff's constitutional rights.

6. A lack of action would undermine the efficacy of the subpoena process and deny the plaintiff equal protection under the law.

7. By compelling compliance, the court reaffirms its commitment to uphold the petitioner's constitutional rights.

## IV.    STATEMENT OF CLAIM

1. On July 19, 2024, the U.S. District Court for the District of South Carolina granted plaintiff's subpoena against NCC (ECF No. 211).

2. On July 30, 2024, the U.S. Marshals served the subpoena on NCC at 5503 Cherokee Ave, Alexandria, VA, 22312, with office manager Yatziri Flores receiving it (See Exhibit 8). *See In re Subpoena Duces Tecum to U.S. Commodity Futures Trading Comm'n*, 439 F.3d 740 (D.C. Cir. 2006) (subpoenas must be honored or judicial enforcement may follow).

3. As of the date of this filing, NCC has not responded to the subpoena.

4. Plaintiff made multiple good-faith attempts to resolve the issue, including calls and an email, with no response from NCC.

5. The lack of response has caused delays and additional expenses, which plaintiff seeks to recover through sanctions. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (sanctions appropriate for failure to respond to discovery).

6. Plaintiff's communication efforts included calls to Arline F., the individual responsible for subpoenas at NCC, on August 28, 2024, and a follow-up email on September 30, 2024.

7. Plaintiff now seeks court intervention to compel NCC to produce the requested documents and requests sanctions for NCC's failure to respond.

## V.    HISTORICAL BACKGROUND

1. The subpoena was issued in connection with *Bruce v. Pentagon Federal Credit Union*, case number 22-cv-02211, pending in the District of South Carolina.

2.  The subpoena relates to documents necessary for the resolution of claims in the underlying case.

3.  Plaintiff has diligently pursued discovery from NCC, as the documents are critical to the litigation. *See Hickman v. Taylor*, 329 U.S. 495 (1947) (the discovery process is vital to uncovering relevant facts for the just resolution of a case).

4.  NCC's failure to comply with the subpoena represents an obstruction of the discovery process.

5.  Plaintiff has provided ample opportunity for NCC to resolve the matter without court intervention.

6.  The court's order on July 19, 2024, made clear the necessity of compliance with the subpoena.

7.  Plaintiff's request for sanctions is supported by the undue burden caused by NCC's noncompliance.

## VI.  PETITIONED RELIEF REQUEST

1.  Plaintiff requests that this court compel NCC to comply with the subpoena and produce the requested documents within 10 days of the court's order.

2.  Plaintiff seeks recovery of all costs associated with this filing to include the filing fee, and and all mailing fees to the court and any parties associated with this case, and $200 per document that plaintiff has had to take time to draft and file in this court to address this matter as a result of NCC's failure to respond to the subpoena and any other damages caused by their failure to respond to the subpoena.

3.  Plaintiff also requests any additional damages resulting from NCC's failure to comply, as determined by the court.

4. The failure to respond to the subpoena has caused unnecessary delays in the litigation process, warranting sanctions.

5. Sanctions should be issued in the form of fines or other appropriate penalties as deemed fit by the court. *See Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004) (imposing sanctions for discovery violations).

6. The requested relief is necessary to prevent further obstruction of the discovery process.

7. Plaintiff's right to petition for this relief is absolute, and the court's intervention is required to enforce compliance.

## VII.    SUMMARIZATION

1. Plaintiff has complied with all procedural requirements to obtain the requested discovery from NCC.

2. NCC's failure to respond to the subpoena necessitates court intervention to compel compliance.

3. Plaintiff has made good-faith efforts to resolve the matter without court involvement, to no avail.

4. The relief requested is both reasonable and necessary to ensure the integrity of the discovery process.

5. Plaintiff's petition is made in accordance with Rule 37 of the Federal Rules of Civil Procedure. *See Societe Internationale Pour Participations Industrielles et Commerciales, S. A. v. Rogers*, 357 U.S. 197 (1958).

6. The requested sanctions are appropriate given the circumstances.

7. Plaintiff respectfully petitions this court to issue an order compelling NCC's compliance and awarding sanctions as requested.

## VIII.    CERTIFICATE AND VERIFICATION

I, Nelson L. Bruce, hereby certify that I have in good faith attempted to resolve this matter with Nationwide Credit Corporation (NCC) without the court's intervention and have been unsuccessful. I declare that the facts presented in this petition are true and correct to the best of my knowledge and belief. **Dated this <u>30th</u> day of September, 2024.**

**RESPECTFULLY PRESENTED,**

_Nelson L. Bruce_

Nelson L. Bruce, Propria Persona, Sui Juris
All Secured Natural Rights Explicitly Reserved and Retained "With Prejudice"
c/o P.O. Box 3345, Summerville, South Carolina 29484
Phone: 843-437-7901
Email: leonbruce81@yahoo.com

# EXHIBITS 8

**U.S. Department of Justice**
**United States Marshals Service**

*CB*

**PROCESS RECEIPT AND RETURN**
*See "Instructions for Service of Process by U.S. Marshal"*

| PLAINTIFF<br>Nelson L. Bruce, | COURT CASE NUMBER<br>2:22-cv-02211-BHH-MGB |
|---|---|
| DEFENDANT<br>PENTAGON FEDERAL CREDIT UNION et al. | TYPE OF PROCESS<br>Civil |

| | NAME OF INDIVIDUAL, COMPANY, CORPORATION. ETC. TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| **SERVE AT** | Nationwide Credit Corporation (A.K.A. "NCC") |
| | ADDRESS *(Street or RFD, Apartment No., City, State and ZIP Code)*<br>5503 Cherokee Ave, Suite 100, Alexandria, VA 22312 |

| SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW | | |
|---|---|---|
| Nelson L. Bruce<br>c/o P.O. Box 3345<br>Summerville, South Carolina 29484 | Number of process to be<br>served with this Form 285 | 1 |
| | Number of parties to be<br>served in this case | 4 |
| | Check for service<br>on U.S.A. | |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE *(Include Business and Alternate Addresses,*
*All Telephone Numbers, and Estimated Times Available for Service):*

Fold

Contact information number: (800) 882-7271 or 703-642-7513
Monday - Friday: 8:30 am to 5:00 pm Eastern Time

**RECEIVED**
**JUL 25 2024**

*Plaintiff*

| Signature of Attorney other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER<br>843-437-7901 | DATE<br>7-12-24 |
|---|---|---|---|
| *Nelson L. Bruce* | | | |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY— DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total<br>number of process indicated.<br>*(Sign only for USM 285 if more*<br>*than one USM 285 is submitted)* | Total Process | District of<br>Origin<br>No. 71 | District to<br>Serve<br>No. 83 | Signature of Authorized USMS Deputy or Clerk<br>*Yanilet Mendez West* | Date<br>7/29/24 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served , ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described
on the individual , company, corporation, etc., at the address shown above on the on the individual , company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc. named above *(See remarks below)*

| Name and title of individual served *(if not shown above)*<br>Yatziri   Flores / Office Manager | | ☐ A person of suitable age and discretion<br>then residing in defendant's usual place<br>of abode |
|---|---|---|
| Address *(complete only different than shown above)* | Date<br>07-30-2024 | Time<br>11:40   ☒ am<br>☐ pm |
| | Signature of U.S. Marshal or Deputy<br>*Herbet S. Bruce* | |

| Service Fee | Total Mileage Charges<br>including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal* or<br>(Amount of Refund*) |
|---|---|---|---|---|---|
| | | | | | $0.00 |

**REMARKS:**

DISTRIBUTE TO: 1. CLERK OF THE COURT
2. USMS RECORD
3. NOTICE OF SERVICE
4. BILLING STATEMENT*: To be returned to the U.S. Marshal with payment,
   if any amount is owed. Please remit promptly payable to U.S. Marshal.
5. ACKNOWLEDGMENT OF RECEIPT

PRIOR EDITIONS MAY BE USED

Form USM-285
Rev. 11/13

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-02211-SHH-MGB

## PROOF OF SERVICE

### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)* Nationwide Credit Corporation
on *(date)* 07·30·2024 .

☒ I served the subpoena by delivering a copy to the named person as follows: Yatziri Flores
office manager
on *(date)* 07·30 2024 ; or

☐ I returned the subpoena unexecuted because:

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of
$

My fees are $ 4.38     for travel and $ 65.00     for services, for a total of $ 74.38
0.00

I declare under penalty of perjury that this information is true.

Date: 07·30·2024

Herbert S. Brice
*Server's signature*

Herbert S. Brice    DUSM
*Printed name and title*

401 Court house Square, Alexandria, VA 22314
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

### for the

### District of South Carolina

| | |
|---|---|
| Nelson L. Bruce | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-02211-BHH-MGB |
| PENTAGON FEDERAL CREDIT UNION ("PENFED"), et al. | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:                    Nationwide Credit Corporation
                5503 Cherokee Ave, Suite 100, Alexandria, VA 22312
                    *(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See...Attached "NOTICE OF SUBPOENA"

| Place: Nationwide Credit Corporation 5503 Cherokee Ave, Suite 100, Alexandria, VA 22312 | Date and Time: Within 10 days from receipt of this subpoena |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | |
| OR | |
| _____ | _____ |
| *Signature of Clerk or Deputy Clerk* | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

_____, who issues or requests this subpoena, are:

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

I Nelson L. Bruce, the consumer and Plaintiff in the associated case as defined below hereby demand with this subpoena that you produce for my inspection the following:

1. Any and all information and documentation and media in your Possession, custody and/or control associated with your communications with the Bank regarding the alleged debts of the initial accounts of the Plaintiff with the bank or with the bank name associated with it from January 1, 2017 to present which include the exact dates associated with each communication (See...Definitions Below)

2. Any and all documents in your Possession, custody and/or control which support whether the accounts referenced in this case that are associated with the bank related to the plaintiff were purchased by you, assigned/transferred to you by the bank or another third party person from January 1, 2017 to present which you relied on to attempt to collect an alleged debt related to the plaintiff.

3. Any and all documents in your Possession, custody and/or control associated with your communications with the plaintiff regarding the alleged debts related to the initial accounts of the bank or with the bank name associated with it related to the accounts associated with the plaintiff's from January 1, 2017 to present which include the exact dates associated with each communication. (See...Definitions Below)

4. Any and all documents in your Possession, custody and/or control associated with any and all accounts assigned transferred and/or sold to you relate to the alleged debts of the plaintiff for initial accounts related to the bank or with the bank name associated with it from January 1, 2017 to present which include the exact dates the accounts were initially assigned/transferred and or sold to you.

5. Any and all documents in your Possession, custody and/or control associated with any and all your collection attempts related to the collection of the alleged debts associated with the initial accounts related to the plaintiff and the bank from January 1, 2017 to present which include all documents referencing the exact dates associated with each collection attempts. (See...Definitions Below)

6. Any and all documents in your Possession, custody and/or control associated with who you were collecting on behalf of as a result of an assignment/transfer or sale of the alleged debts related to the initial accounts of the plaintiff from January 1, 2017 to Present which include documents referencing the exact dates you agreed to collect on their behalf.

7. Any and all documents in your Possession, custody and/or control associated with any third party mediators and or mediator agencies/organizations that were associated with and helped in coordinating and or conducting any and all assignments/transfers, sales, and or collections of the alleged debts related to the plaintiff and the initial accounts of the bank from Janaury 1, 2017 to present.

8. Any and all documents in your Possession, custody and/or control associated with any and all agreements/contracts you have or had with the bank, or any other third party

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

person, third party debt buyer, third party collection to collect on their behalf an alleged debt associated with the plaintiff related to initial accounts of the bank from February 1, 2016 to present to include agreements to collect, purchase, transfer/assign the debts related to the initial accounts of the bank to third parties. (See...Definitions Below)

9.  Any and all documents in your Possession, custody and/or control associated with any and all transfers/assignments and or sales of the accounts back to the bank which include the exact dates transferred/assigned and sold the accounts back to the bank thereby returning the alleged debts and accounts back to the bank.

10. Any and all documents in your Possession, custody and/or control that documents whether or not you are affiliated with the bank.

If you claim that any portion of this request for production is subject to any privilege or is otherwise objectionable or protected from discovery, you are to identify the subject matter, proof that such information is privileged from the consumer as it relates to the consumer, objection, or protection is thought to apply, and state the ground or basis of each such claim, objection, privilege or protection, including any statutory or decisional reference; and identify all documents, including the author and date thereof, or other information, including contracts and communications which you believe to be embraced by the privilege involved.

Should you have any question of what is being demanded for production, you have permission to reach me on my cell phone at 843-437-7901.  I do hereby place you on notice that to the extent that these records exist and are accurate in documenting the facts I incorporate each directly and or indirectly, specifically and generally by reference!

## DEFINITIONS

1.  **"You"** and **"your"** shall include and or relate to the party to who these discovery requests are directed to, shall include **Nationwide Credit Corporation** their members, representatives, partners, affiliates, successors and or assigns as well as current and former attorneys, agents, investigators, consultants, accountants, officers, directors, subsidiaries, holding companies, partners, assignors, assignees, investors, and employees.

2.  **"Bank"** or **"Banks"** shall mean and or relate to Pentagon Federal Credit Union ("A.K.A." Pentagon, PenFed, its affiliates, its holding companies, partners, trustees, denture trustees, agents in fact under a power of attorney and assigns).

3.  **"Person"** or **"entity"** means and or relate to any natural person, firm, corporation, partnership, proprietorship, joint venture, organization, group of natural persons or other association separately identifiable, whether or not such association has a separate juristic existence in its own right.

4.  **"Case"** shall mean matters related to Case No. 2:22-cv-02211-BHH-MGB.

5.  The terms **"relate to"**, **"related to"**, **"relating to"**, **"pertain to"**, and **"pertaining to"** are used in the broadest sense and mean to refer to, discuss, involve, reflect, deal with, include, consist of, represent, constitute, emanate from, directed at, support, evidence, describe or mention.

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

6. **"Accounts"** shall mean and or relate to any and all debts related to Credit Card account No. 4306791605251366, Auto Loan No. 30368703812 and Line of Credit No. 30382186770, whether sold, assigned, and or transferred from the bank that are or was Associated with Nelson L. Bruce in the past, present and future.

7. **"Plaintiff"** shall mean and or relate to **"Nelson L. Bruce"** with the following associated identifying information:

    Name:                Nelson Leon Bruce and any derivatives there of this name

    Current Address:     P.O. Box 3345, Summerville, SC 29484

    Previous Addresses:  1605 Central Avenue, Suite 6, Summerville, SC 29483
                         144 Pavilion Street, Summerville, SC 29483

    Social Security #:   XXX-XX-7185

    Date of Birth:       9-28-1982

8. **"Document"** or **"media"** shall mean and or relate to recorded material in any form, including the original and all non-identical copies (whether different from the originals by reason of any notation made on such copies or otherwise), picture of any original notes/promissory notes signed by plaintiff (front and back pictures), Master notes/promissory notes, including, without limitation, correspondence, writings, drawings, records, photographs, electronically stored computer files, recordings, images, memoranda, account statements, loan applications, corresponding documents or paperwork accompanying the application, credit reports reviewed, interest rates offered, contracts/agreements executed, credit decisions, loan officer working file, all disputes and correspondences to and from plaintiff or anyone acting on behalf of plaintiff, letters, purchase agreements, third party debt buyers, repurchase agreements, assignments/transfers of the debts, collections attempts, power of attorneys, applications, checks, invoices, receipts, returns, recordings, images, memoranda, emails, loan applications, corresponding documents or paperwork associated with the accounts, phone records.

9. **"Third Party Debt Buyer"** shall mean and or relate to any agency, person, corporation, bank, financial institution, who purchases any type of debts from you related to plaintiff's accounts.

10. **"Third Party Collection"** shall mean and or relate to any agency, person, corporation, bank, financial institution, entity, or organization who a debt has been transferred to external collection to for the purposes of collecting a payment from the plaintiff on behalf of you.

11. **"Affiliate"** means any company that controls, is controlled by, or is under common control or ownership with another company.

12. **"Sold"** shall mean and or relate to any debts related to the plaintiff's alleged account(s) that have been sold to a third party debt buyer as a result of a sale between you and the buyer or a sale has been mediated between you and the third party debt buyer.

## NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION

13.    **"Possession, custody and/or control"** shall mean and or relate to the joint or several possessions, to whom this subpoena is addressed, but also the joint or several possessions, custody and/or control by each or any other person, entity or affiliate, contractor, successor or assign acting or purporting to act on behalf of you.

RESPECTFULLY PRESENTED

"Without Prejudice"

Nelson L. Bruce   7-12-24

Nelson L. Bruce, Propria Persona, Sui Juris
All Rights Explicitly Reserved and Retained
U.C.C. 1-207/1-308, 1-103
c/o P.O. Box 3345, Summerville, South Carolina 29483
Ph.: 843-437-7901
Email: leonbruce81@yahoo.com

**NOTICE OF SUBPOENA - DEMAND FOR PRODUCTION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

Nelson L. Bruce,

          Plaintiff(s),

          vs.

PENTAGON FEDERAL CREDIT UNION
("PENFED"), et al.

          Defendant(s).

**CASE NO.: 2:22-cv-02211-BHH-MGB**

1. My name is _____. I am competent to testify and have personal firsthand knowledge of the facts stated herein.

2. I am employed by and am a member of National Credit Corporation their affiliates, successors and or assigns. Attached hereto are _____ pages of records asked of me to produce.

3. The attached records were made at or near the time of the occurrence of the matters set forth in the attached records by, or from information transmitted by, a person with personal firsthand knowledge of those matters. The attached records were kept by National Credit Corporation their affiliates, successors and or assigns in the regular course of its business, and as a regular practice.

4. The attached records were made in the course of the regularly conducted business activities of National Credit Corporation their affiliates, successors and or assigns and as a regular practice.

5. The records attached hereto are exact duplicates of the originals.

6. I declare under penalty of perjury that the forgoing is true and correct.

Print Name: _____

Signature: _____   Dated: _____